# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

WALTER FLORES,

     Plaintiff,

v.                                    No. 24-cv-1230-KWR-GBW

MICHAEL T. WOOD, _et al_,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Michael Wood's Motion to Dismiss For Failure to State a Claim (Doc. 8) (Motion to Dismiss). Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint (Doc. 1) (Complaint) under Fed. R. Civ. P. 12(b)(6). Also before the Court are various procedural motions filed by Plaintiff. _See_ Docs. 2, 4, 9-11, 17-18. Having reviewed the relevant law and arguments, the Court will deny most of the procedural requests; grant the Motion to Dismiss, in part; and grant leave to amend.

## BACKGROUND[1]

This case stems from Plaintiff's state criminal convictions. The state docket reflects that Plaintiff was arrested in 2022 for aggravated assault and battery with a deadly weapon. _See_ Warrant in Case No. D-1226-CR-2022-091. A jury convicted Plaintiff of those charges, and the State Court sentenced him to 14.5 years imprisonment. _See_ Judgment in Case No. D-1226-CR-2022-091. The New Mexico Supreme Court affirmed the convictions and sentence. _See_ Order in

---

[1] The facts are taken from the Complaint (Doc. 1) and the state dockets cited by Plaintiff, Case Nos. D-1226-CR-2022-091 and S-1-SC-40428. _See Mitchell v. Dowling_, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Case No. S-1-SC-40428.

The instant Complaint raises civil claims on the ground that Plaintiff did not receive due process in his state criminal proceeding. *See* Doc. 1 at 2. The Complaint alleges the Sheriff's Department failed to provide sufficient evidence to support the convictions and cites to "Exhibit A fake gun residue test." *Id.* There is no exhibit attached to the Complaint. Under the section addressing "Supporting Facts," Plaintiff cites two criminal statutes and lists the New Mexico Supreme Court case associated with his criminal appeal, No. S-1-SC-40428. *Id.* at 2-3. Plaintiff's counseled brief in Case No. S-1-SC-40428 provides details about his insufficient-evidence claim. In that brief, counsel argues: (1) the victim testified he did not believe Plaintiff was going to shoot a gun and was not scared; (2) there was conflicting testimony about the number of shots fired; and (3) there was no physical evidence demonstrating the shots actually caused the victim's wounds. *See* Plaintiff's Petition for Writ of Certiorari in Case No. S-1-SC-40428.

Based on these facts, the Complaint raises claims under 42 U.S.C. § 1983. Plaintiff names two Defendants: (1) Sheriff Michael T. Wood; and (2) State District Attorney Marcos Blais. *See* Doc. 1 at 1-2. In the Prayer for Relief, Plaintiff asks the Court to vacate his criminal convictions and seeks unspecified damages for false imprisonment. *Id.* at 5. Plaintiff filed a supplemental letter along with several motions after submitting the Complaint. The supplemental letter states that Plaintiff's time of arrest contradicts the window of time specified for a search of his property in the search warrant. *See* Doc. 3 at 1. Plaintiff believes this "shows malicious intent in prosecutorial misconduct." *Id.* In his procedural motions, Plaintiff seeks leave to proceed *in forma pauperis*; service of the Complaint; an Order deeming his claims/allegations to be true; sanctions; a criminal investigation; and a hearing. *See* Docs. 2, 4, 9-11, 17-18. Defendant Michael T. Wood entered an appearance, through counsel, and filed the Motion to Dismiss. *See* Doc. 8. All motions

are fully briefed, and the matter is ready for review.

## DISCUSSION

### I. Plaintiff's Procedural Motions

As an initial matter, Plaintiff seeks leave to proceed *in forma pauperis*. Plaintiff's financial statement reflects he is unable to prepay the $405 filing fee. The Court will grant the request and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Plaintiff must make an initial partial payment of "20 percent of the greater of …[his] average monthly deposits … or (B) the average monthly balance" for the six-month period preceding this action. *Id.* Plaintiff receives an average of $124.21 per month, and that amount exceeds his average balance. *See* Doc. 2 at 4-5. The Court will assess an initial payment of $24.84 (which is 20% of the average deposits) pursuant to § 1915(b)(1). After payment of the initial partial fee, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). If Plaintiff fails to timely make the payment, his complaint may be dismissed.

Plaintiff also filed several procedural motions asking the Court to:

- Proceed and allow him to cure defects (Doc. 4);

- Serve the Defendants (Doc. 9);

- Deem all facts and claims as true (Doc. 10);

- Issue sanctions following alleged service issues (Doc. 11);

- Open a criminal case against Plaintiff's bail-bondsman (Doc. 17); and

- Hold a hearing (Doc. 18).

The Motion to Proceed and Cure Defects (Doc. 4) will be granted in part; as noted below, Plaintiff will be permitted to amend. Plaintiff's motions relating to service and sanctions (Docs. 9, 11) will be denied. Defendant Michael T. Wood, through counsel Daniel Macke, waived service

in a timely and good-faith manner.  *See* Doc. 6.  The remaining Defendant (Marcos Blais) is not required to respond to the claims unless and until the case survives initial review.  Plaintiff's Motion to Deem Claims/Allegations as True (Doc. 10) will be granted, to the extent Fed. R. Civ. P. 12(b)(6) requires the Court to accept all well-articulated allegations in a complaint.  Plaintiff's Motion for Hearing (Doc. 18) will be denied as premature.  Finally, the Court will deny Plaintiff's Motion to Open a Criminal Case (Doc. 17) against his bail-bondsman.  Such issue is not related to this case, and in any event, the U.S. Attorney decides which cases to prosecute in Federal Court.

## II.  Defendant's Motion to Dismiss Will be Granted, In Part

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.*

In the instant case, Plaintiff raises claims under the federal constitution and 42 U.S.C. §

1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each defendant, through the defendant's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Essentially, "a successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Defendant contends, and the Court agrees, that the Complaint fails to satisfy the § 1983 pleading standards. There are no allegations in the Complaint linking Sheriff Wood or District Attorney Blais to any alleged wrongdoing. Plaintiff instead relies on collective allegations that certain departments violated his rights, which are insufficient to survive review under Rule 12(b)(6). *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights.").

Plaintiff's response to the Motion to Dismiss purports to amplify the facts, alleging Sheriff Wood is responsible for proper training in the department; he is aware of the law; and he "looks the other way." Doc. 14 at 1-2. Plaintiff cannot amplify his factual allegations through the response to a motion to dismiss. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The purpose of a motion to dismiss is to test 'the sufficiency of the allegations within the four corners of the complaint"); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.

1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted).  Even if the Court considered the new allegations against Sheriff Wood, they would not change the result.  The nature of his alleged wrongdoing is still unclear, aside from cursory allegations that: (1) a fake gun residue test exists, (2) there is insufficient evidence to support the convictions; and (3) the time of arrest differs from the window of time where police were permitted to search Plaintiff's property.  Such facts do not show any specific person violated the constitution.

Defendant alternatively argues that relief is barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *Heck* holds that the Federal Court must dismiss any § 1983 claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence.  *Id.* at 487. The only exception is where the conviction/sentence has been vacated in a habeas proceeding.  *Id.* A finding that Plaintiff is imprisoned based on insufficient or manufactured evidence necessarily implies his convictions are invalid.  *See Ventris v. Kansas,* 516 Fed. App'x 688, 688-689 (10th Cir. 2013) (*Heck* bars civil "claims that [plaintiff] is incarcerated for crimes he did not commit, that known perjured testimony was introduced at his trial, [and] that evidence was manufactured"); *Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (applying *Heck* to bar a claim for false imprisonment).

To the extent Plaintiff's supplemental letter (Doc. 3) references some inconsistency with respect to the time of his arrest, he still uses this information to challenge the underlying criminal convictions.  The letter states the alleged inconsistency "shows malicious intent in prosecutorial misconduct."  Doc. 3 at 1.  *Heck* bars claims for malicious prosecution as well as claims alleging that plaintiff's "arrest was improper because he had not committed the alleged offenses." *Jackson v. Loftis,* 189 Fed. App'x. 775, 779 n. 1 (10th Cir. 2006).  *See also Crabtree v. Oklahoma*, 564

Fed. App'x 402, 404 (10th Cir. 2014) (*Heck* bars false arrest claims alleging that "state officials relied on perjured testimony" to pursue a crime that the plaintiff "insists never happened"). The Court therefore cannot grant damages or vacate Plaintiff's convictions based on the instant Complaint. Plaintiff must challenge his convictions and any defects in the criminal investigation in his pending 28 U.S.C. § 2254 habeas proceeding, *Flores v. Sugg, et al,* 25-cv-242 KWR-JHR.

In sum, the Court agrees that Plaintiff's civil Complaint should be dismissed under Rule 12(b)(6) and 28 U.S.C. § 1915(e). *Pro se* plaintiffs are ordinarily given an opportunity to amend and remedy defects attributable to their ignorance of federal law. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, in some cases the motion to dismiss can serve as sufficient notice of the pleading defects in advance of the final judgment. *See Serna v. Denver Police Dep't*, 58 F.4th 1167, 1173 n.4 (10th Cir. 2023) (noting that courts need not give leave to amend where a motion to dismiss was filed and distinguishing cases where court *sua sponte* screened and dismissed *pro se* complaint). Leave to amend presents a close call here because Plaintiff filed a Motion to Cure Defects, which may be a request to amend if the initial pleading is dismissed. *See* Doc. 4. For that reason, the Court will allow Plaintiff to file an amended complaint within thirty (30) days.

Plaintiff is reminded that this Court will not consider granting relief in a civil case based on his imprisonment or criminal convictions unless and until he succeeds in the habeas case. If Plaintiff concedes that his civil claims are barred at this stage, he need not take further action in this case. The failure to timely file an amended complaint that states a cognizable § 1983 claim will result in dismissal without further notice.

**IT IS ORDERED** that Plaintiff's Motion to *Proceed In Forma Pauperis* (**Doc. 2**); Motion to Proceed and Cure Defects (**Docs. 4**); and Motion to Deem Claims/Allegations as True (**Doc. 10**)

are **GRANTED, to the extent set forth above**; and Plaintiff's Motion for Service (**Doc. 9**); Motion for Sanctions (**Doc. 11**); Motion to Open a Criminal Case (**Doc. 17**); and Motion for Hearing (**Doc. 18**) are **DENIED**.

      **IT IS FURTHER ORDERED** that Defendant Michael Wood's Motion to Dismiss For Failure to State a Claim (**Doc. 8**) is **GRANTED, in part**; and if Plaintiff seeks to prosecute civil claims, he must file an amended complaint and pay the initial filing fee within thirty (30) days of entry of this Order.

      **SO ORDERED**.

                                 /S/
                                 HON. KEA RIGGS
                                 UNITED STATES DISTRICT JUDGE