IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————

WALTER FLORES,

    Plaintiff,

v.                                                                          No. 24-cv-1230-KWR-GBW

MICHAEL T. WOOD, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Sheriff Michael T. Wood's Motion to Dismiss the Amended Complaint (Doc. 20) (Amended Complaint) pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 21) (Motion to Dismiss). Plaintiff filed a Response (Doc. 23), and Defendant filed a Reply (Doc. 24). Having reviewed the relevant law and arguments, and because the Court has already granted an opportunity to amend in this case, the Court will grant the Motion to Dismiss.

## BACKGROUND[1]

This case stems from Plaintiff's state criminal convictions. The state docket reflects that Plaintiff was arrested in 2022 for aggravated assault and battery with a deadly weapon. *See* Warrant in Case No. D-1226-CR-2022-091. A jury convicted Plaintiff of those charges, and the State Court sentenced him to 14.5 years imprisonment. *See* Judgment in Case No. D-1226-CR-2022-091. The New Mexico Supreme Court affirmed the convictions and sentence. *See* Order Case No. S-1-SC-40428.

---

[1] The facts are taken from the original Complaint (Doc. 1), the Amended Complaint (Doc. 20), and the state dockets cited by Plaintiff, Case Nos. D-1226-CR-2022-091 and S-1-SC-40428. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Plaintiff filed the instant action against two Defendants: (1) Sheriff Michael T. Wood; and (2) State District Attorney Marcos Blais. *See* Doc. 1 at 1-2. His original Complaint raised civil claims under 42 U.S.C. § 1983 on the ground that he did not receive due process in his state criminal proceeding. *See* Doc. 1 at 2. He alleged the Sheriff's Department failed to provide sufficient evidence to support his convictions. *Id.* Although he referred to "Exhibit A fake gun residue test," there was no exhibit attached to the Complaint. *Id.* To support his claims, Plaintiff cited to two criminal statutes and listed the New Mexico Supreme Court case associated with his criminal appeal, No. S-1-SC-40428. *Id.* at 2-3. Plaintiff's counseled brief in Case No. S-1-SC-40428 contained details about his insufficient-evidence claim. In that brief, counsel argued: (1) the victim testified he did not believe Plaintiff was going to shoot a gun and was not scared; (2) there was conflicting testimony about the number of shots fired; and (3) there was no physical evidence demonstrating the shots actually caused the victim's wounds. *See* Plaintiff's Petition for Writ of Certiorari in Case No. S-1-SC-40428. In the Prayer for Relief, Plaintiff asked the Court to vacate his criminal convictions and sought an unspecified amount of damages for false imprisonment. *Id.* at 5.

Plaintiff subsequently filed a letter and several procedural motions. The letter appeared to be an attempt to supplement his Complaint as he argued that Plaintiff's time of arrest contradicted the window of time specified for a search of his property in the search warrant, thus, evidencing "malicious intent in prosecutorial misconduct." *See* Doc. 3 at 1. In his motions, Plaintiff sought leave to proceed in forma pauperis; service of the Complaint; an Order deeming his claims/allegations to be true; sanctions; a criminal investigation; and a hearing. *See* Docs. 2, 4, 9-11, 17-18. Defendant Michael T. Wood entered an appearance, through counsel, and filed a Motion to Dismiss for failure to state a claim. *See* Doc. 8.

On July 16, 2025, the Court reviewed all of the filings and issued an Order denying most of Plaintiff's procedural requests, permitting him to proceed in forma pauperis, granting Defendant's Motion to Dismiss, and providing Plaintiff with the opportunity to amend his Complaint to cure his pleading deficiencies.  Doc. 19.  The Court agreed with Defendant that Plaintiff had failed to include sufficient facts within his Complaint to link either Defendant Sheriff Wood or Defendant District Attorney Blais to any wrongdoing that deprived Plaintiff of a civil right.  *Id.* at 5.  Rather, Plaintiff relied "on collective allegations that certain departments violated his rights, which are insufficient to survive review under Rule 12(b)(6)."  *Id.*  The Court also found that to the extent Plaintiff was attempting to invalidate his underlying state convictions by way of a § 1983 action, such a strategy was prohibited by *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *Id.* at 6-7.  The Court advised Plaintiff that the appropriate means to challenge one's conviction and attack defects in a criminal investigation is through a 28 U.S.C. § 2254 habeas proceeding.  *Id.* at 7.  Notably, Plaintiff has filed a Habeas Corpus Petition challenging his state assault and battery convictions, which is currently pending.  *See Flores v. Sugg, et al.*, Case No. 1:25-cv-00242-KWR-JHR (filed Mar. 7, 2025).

### AMENDED COMPLAINT

Plaintiff filed a timely Amended Complaint naming Sheriff Wood in his official capacity as the "'chief executive officer' of the Lincoln County Sherriff's Office."  Doc. 20 at 1.  He does not list State District Attorney Marcos Blais in the caption of his Amended Complaint, and he does not provide any facts related to his involvement in the claims presented.  As such, the Court will consider Mr. Blais to be voluntarily dismissed from this action.[2]

---

[2] It is well-settled that an amended complaint supersedes the original complaint.  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Thus, when a petition is amended, "changes in parties, or changes in claims, effectively remake the

In the Amended Complaint, Plaintiff asserts that "[b]y not properly training his officers, Michael T. Wood may be held liable." *Id.* at 2.  He argues that Defendant Sheriff Wood failed to train Detective Bryce Bailey who "served the warrant before it was approved." *Id.* at 3.  He asserts that the failure to train caused a violation to his "Constitutional right from unlawful search and seizure" and denied him Due Process. *Id.* at 3-4.  Plaintiff does not include a request for relief section in his Amended Complaint and is therefore silent as to the damages he seeks.

Attached to the Amended Complaint is a one-page document marked, "Exhibit A," which Plaintiff describes as the "fake gun residue test." *Id.* at 3, 6.  Exhibit A appears to be a document created by Plaintiff.  It lists four videos: "Detective Bryce Bailey Video 9," "Detective Bryce Bailey Video 10," "Detective Bryce Bailey Video 11," and "Detective Bryce Bailey Video 12." *Id.* at 6.  Plaintiff describes the videos marked, 9, 11, and 12 to be "[i]rrelevant." *Id.*  As to the video marked 10, he writes: "Fake gun residue test and Walter Flores Statements.  Taking pictures and execution of Search Warrant." *Id.*  Assumably, Plaintiff is alleging that not only was he subject to an illegal search, but that a portion of the evidence used against him was "fake."

## DISCUSSION

Defendant submitted the instant Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 21).  Defendant moves to dismiss arguing Plaintiff's amendment essentially "reasserts that certain aspects of the investigation which led to his convictions were improper or illegal" and this Court cannot grant such relief "unless or until the habeas matter is resolved in his favor" as directed by *Heck v. Humphrey*.  Plaintiff's Response to the Motion to Dismiss is silent as to Defendant's contention that *Heck v. Humphrey* bars relief. *See*

suit." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35-36 (2025).

4

Doc. 23.

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

First, setting aside Defendant's *Heck v. Humphrey* argument, Plaintiff contends Defendant Sheriff Wood, in his official capacity, failed to train Detective Bailey on how to properly serve a search warrant. Doc. 20 at 1-4. The deficiency in training allegedly subjected Plaintiff to an unlawful search and seizure and deprivation of due process. *Id.* Lawsuits brought against public officials in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is,

5

in all respects other than name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

A failure to train or supervise employees may subject a municipal entity to liability under § 1983 if such a failure results from deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989); *Currier v. Doran*, 242 F.3d 905, 925 (10th Cir. 2001) ("To establish a failure to train claim, a plaintiff must show "essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable.") (internal quotation marks omitted). In order to establish deliberate indifference, a plaintiff "must do more than merely enumerate the multiple ways in which the officers were inadequately trained; rather, he must proffer evidence of knowledge of the purported deficiencies on the part of the municipality." F*elts v. Bd. of Cnty. Commissioners of Valencia Cnty.*, No. 13-CV-1094 MCA/SCY, 2016 WL 9778162, at *9 (D.N.M. Sept. 23, 2016) (quoting *Carr v. Castle*, 337 F.3d 1221, 1229 (10th Cir. 2003) (citation modified). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quotation marks and citation omitted). The requirement to demonstrate "deliberate indifference" may also be satisfied where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 387. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62. "Negligent training alone does not establish § 1983 liability." *Corona v. City of Clovis*, No. 2:17-CV-805 JCH/CG, 2019 WL 3779526, at *6 (D.N.M. Aug. 12, 2019).

Plaintiff's Amended Complaint provides only a conclusory allegation that Defendant Sheriff Wood did not properly train his officers. *See* Doc. 1 at 2. Such a bare bones allegation is insufficient to establish a plausible failure to train claim. *See Lemmons v. Clymer*, 609 Fed. Appx. 949, 956-57 (10th Cir. 2015) (conclusory argument "fails to demonstrate a complete failure to train or training that is objectively unreasonable"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations"). Here, the Amended Complaint is devoid of factual support to show a pre-existing pattern of violations by other untrained employees as Plaintiff limits the facts to one incident in which one Detective allegedly served a warrant before it was approved. Plaintiff also does not provide any facts to demonstrate that the need for more or different training should have been obvious to the municipal policymakers. Thus, the Court concludes that Plaintiff's failure to train claim against Defendant Sheriff Wood, in his official capacity, is conclusory and must be dismissed for failure to state a claim.[3]

Even if Plaintiff's allegations were not conclusory, his argument fails for a second reason – it is precluded on *Heck v. Humphrey* grounds as argued by Defendant. Pursuant to *Heck v. Humphrey*, a plaintiff in a § 1983 action may not "recover damages for alleged[ ] . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the conviction has been reversed, expunged, or otherwise invalidated. 512 U.S. 477, 486-87 (1994).

---

[3] Although Defendant does not raise the conclusory nature of Plaintiff's failure to train claim as a basis for dismissal in the instant Motion, the Court also reviews the Amended Complaint pursuant to 28 U.S.C. § 1915(e), which establishes that when a plaintiff files a complaint in forma pauperis, courts must review the pleading and dismiss if it fails to state a claim.

7

Here, the Amended Complaint asserts two arguments: (1) an unlawful search occurred due to Defendant Sheriff Wood's inadequate training; and (2) "fake gun residue" evidence was used against Plaintiff to support his conviction.  These arguments appear to rest on the premise that all the evidence obtained against him either came from the unlawful search or was falsely manufactured.  This Court cannot issue a judgment concluding there was an issue with the evidence obtained and used in his trial because Plaintiff's state criminal conviction necessarily established that the evidence used to convict him was proper.  While *Heck v. Humphrey* may not be an automatic bar to unreasonable search claims due to doctrines such as independent source, inevitable discovery, and harmless error, *see Laurino v. Tate*, 220 F.3d 1213, 1217 (10th Cir. 2000); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999), the instant action appears to allege that all of the evidence used against him was the result of the alleged illegal search, some of which was fabricated.  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (*Heck* can apply to cases where all the evidence obtained was the result of an illegal search); *Ventris v. Kansas*, 516 Fed. App'x 688, 688-689 (10th Cir. 2013) (Heck bars civil "claims that [plaintiff] is incarcerated for crimes he did not commit, that known perjured testimony was introduced at his trial, [and] that evidence was manufactured"); *Hernandez v. Agent David Corp*, No. CIV-99-0895 BB/LCS, 1999 WL 35808318, at *2 (D.N.M. Nov. 5, 1999) ("The second claim, based on an allegedly illegal search and fabricated evidence, appears to call into question the constitutionality of the criminal conviction . . . . This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994)).  Plaintiff's Response to the Motion to Dismiss does not provide any reason for why *Heck v. Humphrey* should not be applied here.  Thus, the instant action cannot proceed as pled.

If Plaintiff prevails in his habeas action, which is currently pending before this Court, he may then refile his § 1983 claims against Defendant Sheriff Wood.  *See Garza*, 672 F.3d at 1218

(A civil rights claim barred by *Heck* "does not accrue until the conviction or sentence has been invalidated.") (internal quotation marks and citation omitted). Accordingly, Plaintiff's claims are dismissed without prejudice and may be raised in a future complaint if he prevails in *Flores v. Sugg, et al.*, Case No. 1:25-cv-00242-KWR-JHR. Because the Court has already granted leave to amend in the initial screening ruling – in other words, this is the second round of *pro se* review under 28 U.S.C. § 1915(e) and Rule 12(b)(6) – and because the claims are currently not viable, Plaintiff will not be *sua sponte* invited to file another amendment in this case. The Court will grant the Motion to Dismiss and enter final judgment.

**IT IS ORDERED** that Defendant Michael Wood's Motion to Dismiss Plaintiff's First Amended Complaint For Failure to State a Claim (Doc. 21) is **GRANTED**; Plaintiff's Amended Complaint (Doc. 20) is dismissed without prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6); and the Court will enter final judgment closing the civil case.

**SO ORDERED.**

_____/S/_____
HON. KEA W. RIGGS
UNITED STATES DISTRICT JUDGE